McCarthy on Trademarks and Unfair Competition, Fourth Edition
Database updated June 2009

J. Thomas McCarthy

Chapter 29. International Aspects of Trademark Law
I. INTERNATIONAL OWNERSHIP

References

## § 29:2. World priority—Domestic priority controls

## West's Key Number Digest

West's Key Number Digest, Trademarks ⚷1138

Priority of trademark rights in the United States depends solely upon priority of use[FN1] in the United States, not on priority of use anywhere in the world.[FN2] Prior use in a foreign nation does not establish priority of use in America.[FN3] Thus, shipments and sales between foreign nations do not establish trademark rights in the United States.[FN4]

Similarly, the "use" needed to avoid a charge of abandonment is use in the United States, not use abroad, even if such foreign use is known by fame in the U.S.[FN5]

Priority in the United States is not established by minimal U.S. sales followed by a long period of no sales at all.[FN6] Priority of use in the United States is not established by a foreign mark which may occasionally be found in foreign publications in some libraries in the United States.[FN7]

In many situations, the foreign activities of a party are not relevant evidence in a trademark dispute concerning U.S. rights.[FN8] Evidence of registration in other nations is not relevant to the potential consumer perception of a term in the United States. As the Federal Circuit observed: "Each country that recognizes some form of trademark protection will have its own body of law and will evaluate a registration request in light of evidence of consumer perception in that country."[FN9]

While Lanham Act § 44(e) excuses use in the United States for qualified foreign applicants who own a foreign registration in their country of origin, absent such treaty rights, a foreign applicant must observe U.S. law as to the requirements of either an intent-to-use or a use-based application.[FN10]

In the 2003 *Monte Carlo Casino* case, a majority of a panel in the Fourth Circuit held that the sale of services abroad to U.S. citizens by a foreign trademark owner, combined with substantial advertising in the U.S., constitutes "use in commerce." For that reason, the court said that a foreign trademark owner could assert a Lanham Act § 43(a) claim in a U.S. court.[FN11] Because some Americans gambled at the Casino de Monte Carlo in Monaco, the casino could sue an online infringer in a court in the United States. Looking to the Lanham Act definition of the kind of "use in commerce" needed to register a mark, the court reasoned that:

[I]t is not enough for a mark owner simply to render services in foreign commerce for it to be eligible for trademark protection. Nor is it enough for a mark owner simply to use or display a mark in the sale or advertising of services to United States consumers. *Both* elements are required... .[FN12]

The dissent in the *Monte Carlo Casino* case argued that the majority view was wrong because the casino had not rendered its casino gambling services in the United States.[FN13] The author agrees with the result in the case, but is of the view that the case should have been analyzed as an application of the "famous marks" doctrine.[FN14]

---

[FN1] Including "constructive use" under Lanham Act § 7(c). *See* §§ 26:37 to 26:40.

[FN2] **First Circuit**
General Healthcare Ltd. v. Qashat, 364 F.3d 332, 70 U.S.P.Q.2d 1566 (1st Cir. 2004) (Sales between the U.K. and Saudi Arabia do not constitute a "use in commerce" sufficient to trigger the Lanham Act or to establish trademark rights in the United States.)

**Second Circuit**
La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc., 495 F.2d 1265, 181 U.S.P.Q. 545 (2d Cir. 1974); Scholastic, Inc. v. Macmillan, Inc., 650 F. Supp. 866, 2 U.S.P.Q.2d 1191 (S.D. N.Y. 1987) (use of mark abroad by plaintiff is "of no relevance to its effort to create trademark rights in the United States"); Buti v. Perosa, S.R.L., 139 F.3d 98, 103, 45 U.S.P.Q.2d 1985 (2d Cir. 1998) (" ... Impressa's registration and use of the Fashion Cafe name in Italy has not, given the territorial nature of trademark rights, secured it any rights in the name under the Lanham Act, ..."); ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 155, 82 U.S.P.Q.2d 1414, 1426, 2007-1 Trade Cas. (CCH) ¶75672 (2d Cir. 2007) ("The territoriality principle requires the use to be in the United States for the owner to assert priority rights to the mark under the Lanham Act."), certified question of state law answered, 9 N.Y.3d 467, 850 N.Y.S.2d 366, 880 N.E.2d 852 (2007), on remand 518 F.3d 159, 86 U.S.P.Q.2d 1115 (2d Cir. 2008)

**Third Circuit**
Interlego A.G. v. Leslie-Henry Co., 214 F. Supp. 238, 136 U.S.P.Q. 601 (M.D. Pa. 1963); Koppers Co., Inc. v. Krupp-Koppers GmbH, 517 F. Supp. 836, 210 U.S.P.Q. 711 (W.D. Pa. 1981) ("Prior use of a mark in other countries creates no right to common law protection.")

**Fourth Circuit**
CBS, Inc. v. Logical Games, 719 F.2d 1237, 5 Int'l Trade Re. 1467, 221 U.S.P.Q. 498, 500 (4th Cir. 1983)

**Fifth Circuit**
Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha, 754 F.2d 591, 225 U.S.P.Q. 540 (5th Cir. 1985) reh'g denied, en banc, 761 F.2d 695 (5th Cir. 1985), ("It is well settled that foreign use is ineffectual to create trademark rights in the United States.")

**Ninth Circuit**
Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 290 F. Supp. 2d 1083, 1088, n. 2 (C.D. Cal. 2003) (Sales of a product in Europe does not establish trademark rights in the U.S.); Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc., 391 F.3d 1088, 1093, 73 U.S.P.Q. 2d 1258, 1261 (9th Cir. 2004) ("Earlier use in another country usually just does not count.")

**Eleventh Circuit**
E. Remy Martin & Co., S.A. v. Shaw-Ross Intern. Imports, Inc., 756 F.2d 1525, 225 U.S.P.Q. 1131 (11th Cir. 1985) ("[W]e are not bound to recognize or rely upon foreign law and disagreements abroad settled under it.")

**Federal Circuit**
Person's Co. v. Christman, 900 F.2d 1565, 1568, 14 U.S.P.Q.2d 1477 (Fed. Cir. 1990) ("In the present case, appellant Person's Co. relies on its use of the mark in Japan in an attempt to support its claim for priority in the United States. Such foreign use has no effect on U.S. commerce and cannot form the basis for a holding that appellant has priority here.").

**Trademark Board**
S Maw Son and Sons Limited v. Mochida Pharmaceutical Mfg. Co., Ltd., 138 U.S.P.Q. 652, 1963 WL 7871 (T.T.A.B. 1963); Sterling Drug Inc. v. Knoll A.-G. Chemische Fabriken, 159 U.S.P.Q. 628, 1968 WL 8198 (T.T.A.B. 1968); Stagecoach Properties, Inc. v. Wells Fargo & Co., 199 U.S.P.Q. 341, 1978 WL 21236 (T.T.A.B. 1978); Hitachi Metals International, Ltd. v. Yamakyu Chain Kabushiki Kaisha, 209 U.S.P.Q. 1057, 1981 WL 48128 (T.T.A.B. 1981) (disapproved of on other grounds by, National Cable Television Ass'n, Inc. v. American Cinema Editors, Inc., 937 F.2d 1572, 19 U.S.P.Q.2d 1424 (Fed. Cir. 1991)) (trademark activity outside the U.S., including use, registration or licensing, is immaterial to ownership of rights in the U.S.); Aktieselskabet af 21. November 2001 v. Fame Jeans, Inc., 77 U.S.P.Q.2d 1861, 2006 WL 337552 (T.T.A.B. 2006) (prior use abroad does not count towards priority under U.S. law; between two foreign companies, priority goes to the first to file an application in the U.S. and acquire a conditional constructive use date)

[FN3] Scotto v. Mediterranean Importing Co., Inc., 162 U.S.P.Q. 415, 417, 1969 WL 9114 (T.T.A.B. 1969) ("[A]ny use of the mark 'RUSTEGO' for wines outside of the United States is wholly immaterial and irrelevant to respondent's right to the mark 'RUSTEGO' and the registration thereof in the United States."); Grupo Gigante SA De CV v. Dallo & Co., Inc., 391 F.3d 1088, 1093, 73 U.S.P.Q.2d 1258, 1261 (9th Cir. 2004) ("Earlier use in another country usually just does not count."); Green Spot (Thailand) Ltd. v. Vitasoy International Holdings Limited, 86 U.S.P.Q.2d 1283, 1285, 2008 WL 506192 (T.T.A.B. 2008) (Recognition of a mark within nations other than the United States "cannot establish priority in the United States.").

[FN4] General Healthcare Ltd. v. Qashat, 364 F.3d 332, 70 U.S.P.Q.2d 1566 (1st Cir. 2004) (intra-corporate transportation of ingredients from the U.S. to the U.K. for assembly and sales in the Middle East does not count as trademark "use." The sales between the U.K. and Saudi Arabia do not constitute a "use in commerce" sufficient to trigger the Lanham Act or to establish trademark rights in the United States.).

[FN5] Imperial Tobacco, Ltd., Assignee of Imperial Group PLC v. Philip Morris, Inc., 899 F.2d 1575, 14 U.S.P.Q.2d 1390 (Fed. Cir. 1990); Shelby v. Ford Motor Co., 28 U.S.P.Q.2d 1471, 1472 n.2 (C.D. Cal. 1993), vacated on settlement, 43 U.S.P.Q.2d 1692 (C.D. Cal. 1997) (sale of autos bearing the mark from the United States to customers in Canada is not use in the United States sufficient to prevent abandonment).

[FN6] Chandon Champagne Corp. v. San Marino Wine Corp., 335 F.2d 531, 142 U.S.P.Q. 239 (2d Cir. 1964).

[FN7] Sterling Drug, Inc. v. Knoll A.-G. Chemische Fabriken, 159 U.S.P.Q. 628 (T.T.A.B. 1968).

[FN8] Double J of Broward, Inc. v. Skalony Sportswear GmbH, 21 U.S.P.Q.2d 1609 (T.T.A.B. 1991) ("Information concerning applicant's foreign activities, including foreign trademark applications and/or registrations, is not relevant to the issues in an opposition proceeding. ... Discovery requests related to applicant's foreign activities need not be answered."); Hard Rock Cafe Licensing Corp. v. Elsea, 48 U.S.P.Q.2d 1400, 1998 WL

766704 (Trademark Trial & App. Bd. 1998) ("The renown of opposer's marks outside the United States or exposure of the foreign public to opposer's marks is irrelevant... . Therefore, we sustain the applicant's objections on the ground of relevance to those exhibits that are excerpts from foreign publications or do not clearly indicate that the publications are U.S. publications.").

[FN9] In re Bayer Aktiengesellschaft, 488 F.3d 960, 82 U.S.P.Q.2d 1828 (Fed. Cir. 2007) (Fact that "aspirina" was registered in Spanish-speaking countries was not relevant to the significance of the term in the United States.).

[FN10] In re Fisons, Ltd., 197 U.S.P.Q. 888 (T.T.A.B. 1978) (use-based application). *See* §§ 29:10 to 29:16.

[FN11] International Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco, 329 F.3d 359, 66 U.S.P.Q.2d 1705 (4th Cir. 2003). *Author's Comment:* It should be noted that while Lanham Act § 43(a)(1) requires that the *defendant's* accused use be "in commerce," it does not require that the plaintiff's mark have been used in commerce. *See* § 27:47. Both majority and dissent in the *Monte Carlo* case assumed that to trigger Lanham Act § 43(a), the plaintiff's mark must be "used in commerce." But there is no statutory support for that assumption.

[FN12] International Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco, 329 F.3d 359, 373, 66 U.S.P.Q.2d 1705, 1715-1716 (4th Cir. 2003).

[FN13] International Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco, 329 F.3d 359, 383, 66 U.S.P.Q.2d 1705, 1724 (4th Cir. 2003).

[FN14] *See* § 29:4.

Westlaw. © 2009 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

MCCARTHY § 29:2

END OF DOCUMENT